IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| CARL O'NEAL | : | NO. 14-288 |

## ORDER

**AND NOW**, this 21st day of November, 2022, upon consideration of Petitioner's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 93), which he has filed pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), Petitioner's "Motion [for] Writ of Error Coram Nobis to Vacate, Set Aside or Correct Sentence" (Docket No. 94), and the Government's Motion to Dismiss both of Petitioner's Motions (Docket No. 96), **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion to Dismiss both Motions is **GRANTED**.[1]

---

[1] On April 22, 2015, Petitioner Carl O'Neal pled guilty to the sole count of a Superseding Information, which charged him with attempting to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. We sentenced Petitioner on January 14, 2016, to 65 months of imprisonment to be followed by 5 years of supervised release. Petitioner filed multiple pro se motions after his sentencing. Most notably for purposes of the instant Motions, on April 6, 2021, Petitioner filed a properly-formatted motion under 28 U.S.C. § 2255, in which he argued that his trial counsel was constitutionally ineffective for both failing to appeal his sentence and failing to move to suppress the Superseding Information, which amended the charges against Petitioner to specify that the drug involved in his crime was cocaine base ("crack"), rather than simply cocaine. The Government moved to dismiss that § 2255 Motion and we granted its Motion to Dismiss on July 6, 2021, concluding that Petitioner's § 2255 Motion was time-barred. In August of 2022, Petitioner filed the instant, second pro se § 2255 Motion and, one month later, he filed the instant Motion for Writ of Error Coram Nobis. In both Motions, Defendant argues, as he did in his first § 2255 Motion, that his counsel was ineffective in failing to move to suppress the Superseding Information, and he also argues that counsel was ineffective in failing to advise him of the immigration consequences of his guilty plea and in failing to move to dismiss the original Indictment filed against him.

As an initial matter, we cannot address Petitioner's arguments insofar as he raises them in a second pro se § 2255 Motion. Under the Antiterrorism and Effective Death Penalty Act, a prisoner cannot file a second or successive petition for writ of habeas corpus without first seeking

2. Defendant's Motion Under 28 U.S.C. § 2255 and Motion for Writ of Error Coram Nobis are **DISMISSED**.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J

---

and receiving permission from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).   In this matter, Petitioner has not obtained permission to file a second or successive petition from the United States Court of Appeals for the Third Circuit.   Accordingly, we do not have subject matter jurisdiction to consider Defendant's § 2255 Motion, see Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) (citing United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)), and we therefore grant the Government's Motion to Dismiss insofar as it concerns that Motion.

Petitioner also seeks relief from his conviction and sentence in his Petition for a Writ of Error Coram Nobis.  A petition for writ of error error coram nobis "is used to attack allegedly invalid convictions [that] have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Stoneman, 870 F.2d 102, 105-06 (3d Cir. 1989); see United States v. DeJesus, Crim. A. No. 96-434-03, 2000 WL 217520, at *2 (E.D. Pa. Feb. 11, 2000) (noting that "the writ of coram nobis is available only where the defendant has completely served his sentence" (citation omitted)). Coram nobis relief has five essential prerequisites.   A petitioner must show that he or she "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind."   Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020) (citations omitted).   Here, Petitioner has not yet completed his term of supervised release and, thus, is still "in custody" for purposes of the coram nobis requirements. See United States v. Dent, 135 F. App'x 532, 534 (3d Cir. 2005) ("Because [the petitioner] is still on supervised release pursuant to [his] sentence, he is still 'in custody' and thus, coram nobis relief is not available to him.")   Moreover, the claims he raises are ineffectiveness claims, which are cognizable pursuant to § 2255, and he "may not resort to a writ of error coram nobis simply because he cannot meet the standards for filing a second or successive § 2255 motion."   United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011) (citing United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000)).   For both of these reasons, we grant the Government's Motion to Dismiss insofar as it seeks dismissal of Petitioner's Motion for a Writ of Error Coram Nobis.